GRIFFIN, J.
This is the appeal of a summary final judgment in an automobile accident case.[1] The motion for summary judgment was predicated on an affidavit of an employee of St. Paul Fire & Marine [“St. Paul”] and upon appellant, Steven J. Cantin’s [“Can-tin”], failure to respond to certain requests for admission propounded by St. Paul.
Suit was filed on February 1, 2002. Cantin, pro se, responded to the complaint by letter denying liability and expressing that the accident was the fault of the driver of plaintiffs vehicle. Thereafter, various discovery requests were served on Cantin, including requests for admission. A motion for summary judgment was also filed.
The trial court entered a brief order granting St. Paul’s motion for summary judgment on November 21, 2002. Thereafter, on December 12, St. Paul filed a motion for entry of final judgment, with an attached affidavit of costs and pre-judgment interest.
The following day, counsel appeared for the first time in the litigation on behalf of Cantin, by filing a motion for reconsideration of the order granting the motion for summary judgment. That motion was never ruled upon by the trial judge. On December 17, the trial court signed St. Paul’s proposed final judgment.[2] Counsel for Cantin was not served with a copy of the judgment and did not learn of the entry of the judgment until after expiration of the time for filing a motion for rehearing in the trial court. He filed his notice of appeal on the thirtieth day.
We conclude that two procedural defects require us to reverse and remand for further proceedings. Both defects appear to be the result of the flow and timing of the filings, not any conscious error on the part of the trial court.
First, the trial court should have disposed of appellant’s motion for reconsideration of the order granting the summary judgment prior to entry of the final judgment based upon the order. Second, because appellant had appeared through counsel prior to the entry of the final judgment, counsel should have been served with a copy of the final judgment in order for him to be able to file a motion for rehearing directed to the final judgment. Based upon our review of the court file, we doubt the trial court was actually aware of the motion for reconsideration or the appearance of counsel on Cantin’s behalf. Nevertheless, Cantin is entitled to a decision on his motion for reconsideration and an opportunity to file a motion for rehearing of the final judgment. We accordingly reverse and remand to the trial court where appellant shall have ten days from the date of our mandate to file any motions directed to the judgment.
REVERSED and REMANDED.
PLEUS and ORFINGER, JJ., concur.

. Plaintiff, St. Paul Fire & Marine, sued as subrogee of its insured, Earl Baynor, Jr. Trucking, to recover losses arising out of a collision that occurred between Baynor's truck and an automobile being operated by appellant Cantin while the vehicle was being towed by another vehicle. The latter vehicle was operated by the second defendant below, William M. Smith.

. For some reason, the final judgment executed on December 17, 2002, was not filed until December 23, 2002.